[Civ. No. 8237. Second Appellate District, Division Two.—March 29, 1934.]

DIANE RUBINI, Respondent, v. JAN C. RUBINI et al., Appellants.

Philip Cohen for Appellants.

Luke J. McNamee for Respondent.

CRAIG, J.—This is an appeal from a judgment entered in an action based upon a claim and delivery, instituted by respondent herein, in which plaintiff obtained judgment for the possession of certain furniture.

■ It is the contention of appellants that the issues raised in the instant case were all settled in a former divorce action between the parties and are therefore *res judicata*.

It appears that there was such a divorce proceeding, in which the plaintiff in the instant case was plaintiff and Jan C. Rubini was defendant. The record before us reveals that in said divorce action the court found that the parties, at the date of the commencement of said action, owned said property, which was community property and was enumerated therein as "furniture situate in the premises known as 934 Third Avenue, Los Angeles, California"; and in the conclusions of law following said findings is the following "That the defendant is entitled to the ownership and possession of . . . together with the furniture and furnishings situated therein, and all of which were in and upon said premises, towit, 934 Third Avenue, Los Angeles, California, at the date of the commencement of this action". It is too clear for argument that unless in the instant case it appears that the personal property in question is other than that covered by the above finding and conclusion, appellants' contention must be upheld.

Referring now to the case before us, the court finds that on the eleventh day of August, 1928, the plaintiff was the owner of certain property enumerated in said finding, "all of which was situate and located in the premises known as 934 Third Avenue, in the city of Los Angeles, County of Los Angeles, State of California". In the next finding it is said "that all of said articles above mentioned were situate in the premises known as 934 Third Avenue, Los Angeles, California, at and prior to the commencement of this action". These are the only findings which in any way bear upon the issues here presented. Obviously the ownership of this property was determined in the first action.

■ However, we find in the defendants' answer in the instant case an admission that certain articles, to wit: "1

Large Teakwood Stand; 1 Small Teakwood Stand; 1 Bronze Woman Figure, and 1 Green Marble Pedestal'', are the property of the plaintiff in both actions, but it is alleged that prior to the beginning of the claim and delivery suit the defendant Rubini therein offered to deliver said articles to the plaintiff but that the latter had refused to accept the same. These articles are only a small part of those that were claimed in the last-named suit. We find no finding on the issue presented by this allegation in the answer. This being so, the judgment in favor of the plaintiff is without support in the findings, even as to these specified articles.

The judgment is reversed and the trial court is directed to enter a judgment in favor of defendants, except that it is directed to find that the articles admitted by defendants' answer to belong to the plaintiff are the plaintiff's, and as to them give judgment accordingly.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.